FILED

NOV 10 2022

IN THIS OFFICE

| | |
|---|---|
| LARRY D. REID and LARRY REID LIVE, LLC,<br><br>                              Plaintiffs,<br><br>v.<br><br>LAVONTRAYE ANDREWS,<br><br>                              Defendant. | Civil Action<br><br>No. 1:22-cv-00880-WO-JEP<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5), 12(b)(6), and 12(b)(7)** |

**I.    Statement of the Nature of the Matter before the Court.**

This is a case about bullying and intimidation using the federal court. On October 13, 2022, Plaintiffs LARRY D. REID and LARRY REID LIVE, LLC ("Plaintiffs") filed this civil action against me, Defendant LAVONTRAYE ANDREWS ("Defendant" or "I" or "me"). Plaintiff LARRY D. REID ("Mr. Reid") is an online personality who earns a good creating gossip content on social media platforms. Mr. Reid may take credit for destroying many homes and churches via his gossip. Mr. Reid's online platform is run through his company Plaintiff LARRY REID LIVE, LLC ("LRL"). Upon information and belief, Mr. Reid is the sole member of LRL. Mr. Reid abused me as a teenager, using his spiritual role to lure me into homosexual contact and acts with him when he was my pastor and spiritual mentor. Thankfully, I was able to escape Mr. Reid's deviant lifestyle and move on. However, at times, Mr. Reid lies about the past and I am called on to speak the truth about the interactions between Mr. Reid and I, which I deem as abuse. Admittedly, Mr. Reid makes a lot money from gossip and has a huge following. When the truth interferes with his brand, he uses his resources to intimidate. Here, **Mr.** Reid caused a national stir when he suggested that Bishop Lamor Whitehead stages a robbery of his own church in Brooklyn, New York. **As** a result, Bishop Whitehead began to criticize Mr. Reid for his lies and sued him for $20M. Bishop Whitehead looked into Mr. Reid's past and discovered me and my story. Bishop Whitehead interviewed me, I spoke truth, now Reid seeks to silence me.

1

## II.    Concise Statement of the Facts.

Mr. Reid is an individual or natural person. [1] at 2, ¶ 4.

Mr. Reid is a resident of the State of Georgia. [1] at 2, ¶ 4.

**Mr.** Reid is a domiciliary of the State of Georgia. [1] at 2, ¶ 4.

Mr. Reid is a citizen of Georgia. [1] at 2, ¶ 4.

**LRL** is a limited liability company. [1] at 2, ¶ 5.

LRL was organized in the State of Georgia. [1] at 2, ¶ 5.

**LRL** has its principal place of business in Georgia. [1] at 2, ¶ 5.

Mr. Reid is the sole member of LRL. [1] at 2, ¶ 5.

Defendant is a natural person. Affidavit of LaVontraye Andrews.

Defendant is a **citize**n of the U.S. Affidavit of LaVontraye Andrews.

Defendant is A domiciliary of Georgia. Affidavit of LaVontraye Andrews.

Defendant does not reside in this judicial district. Andrews Affidavit.

Mr. Reid is a limited-purpose public figure. [1] at pp. 1-6.

Plaintiffs allege no defamatory statements made by Defendant. [1].

Plaintiffs allege no defamatory statements published by Defendant. [1].

Plaintiffs allege no facts that Defendant acted with actual malice. [1].

A third party, not Defendant, published the subject content online. [1].

Plaintiffs allege no facts of extreme conduct by Defendant. [1].

Plaintiffs allege no facts of outrageous conduct by Defendant. [1].

Plain**tiff**s allege no facts of severe emotion distress by Mr. Reid. [1].

**P**laintiffs allege no facts of any contract involving Defendant. [**1**].

Plaint**iff**s allege no facts of any conspiracy involving Defendant. [1].

Plaintiffs allege no facts of any restraint in trade in NC. [1].

Plaintiffs allege no facts of any advertisements by Defendant. [1].

Plaintiffs allege no contract or entitlement to attorney's fees. [1].

Plaintiffs allege no egregiously wrongful acts by Defendant. [1].

Plaintiffs allege no facts to support statutory punitive damages. [1].

2

III.    **Questions Presented.**

       a. Whether all parties are citizens of the State of Georgia.

       b. Whether this Court has personal jurisdiction over Defendant.

       c. Whether venue is proper in this judicial district by law.

       d. Whether service upon Defendant's mother is sufficient by law.

       e. Whether Plaintiffs state a claim for its 4 state law claims.

       f. Whether Plaintiffs failed to join a party under Rule 19.

IV.    **Statutes, Rules, and Authorities.**

Fed. R. Civ. P. 8(a)(1) provides, "CLAIM FOR RELIEF. A pleading that states a claim for relief must contain: a short and plain statement of the grounds for the court's jurisdiction[.]"

Fed. R. Civ. P. 11(b) provides, in pertinent part, "REPRESENTATION TO THE COURT. By presenting to the court a pleading, written motion, or other paper- whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]"

Fed. R. Civ. P. 12(b) provides, in pertinent part, "HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject matter jurisdiction; (2) lack

3

of personal jurisdiction; (3) improper venue; . . . (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19.

Fed. R. Civ. P. 19(a)(1)(A) provides, "PERSONS REQUIRED TO BE JOINED IN FEASIBLE. *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: **in** that person's absence, the court cannot accord complete relief among existing parties[.]"

28 U.S.C. § 1332(a)(1) provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— citizens of different states[.]"

28 U.S.C. § 1391(b) provides, "VENUE IN GENERAL.-A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial party of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

N.C. Gen. Stat. § 1D-1 provides, "Punitive damages may be awarded, in an appropriate case and subject to the provisions of this Chapter, to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts."

N.C. Gen. Stat. § 75-1.1(a) provides, "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."

4

## V.    Arguments.

### a. All Parties are Georgia citizens; thus, no diversity jurisdiction.

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction may be used to attack two kinds of deficiencies. First, the Rule 12(b)(1)) motion may be used to attack the sufficiency of jurisdictional allegations required under Fed. R. Civ. P. 8(a). *Trent Rlty. Assoc. v. First Fed. S L Ass'n*, 657 F.2d 29 (3d Cir. 1981) (motion to dismiss for lack of subject matter jurisdiction is appropriate if federal jurisdiction is not apparent from face of complaint). The motion under Fed. R. Civ. P. 12(b)(1) can also be used to assert that the court has no actual jurisdiction over the subject matter of the action, even if the allegations of jurisdiction are facially sufficient under Rule 8(a). *Adams v. Bain*, 697 F.2d 1213 (4th Cir. 1982) (discussing two different kinds of attack on jurisdiction under Rule 12(b)(1)). For example, the motion can be used to assert that there is no diversity of citizenship, which is exactly the case in the present action. *See* 28 U.S.C. § 1332(a)(1) (providing requirements for diversity jurisdiction).

In the present case, Plaintiffs Mr. Reid and LRL refer to diversity of citizenship in their Complaint [1], and provides no other possible basis for this Court's subject matter jurisdiction other than diversity of citizenship under 28 U.S.C. § 1332(a)(1). [1] at p. 1, ¶ 7 ("This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between the parties."). However, because Defendant is a citizen of Georgia and Plaintiffs are citizens of Georgia, this Court lacks subject matter jurisdiction, and this action must be dismissed under Rule 12(b)(1). *See* Affidavit of LaVontraye Andrews. With respect to this contention, Plaintiffs allege absolutely no facts to establish any citizenship of any of the Parties.

What we do know is, Mr. Reid and Defendant are natural persons, and LRL is an artificial person, more specifically, a limited liability company. [1] at p. 2.

28 U.S.C. § 1332(a)(1) specifies the requirements that must be satisfied for jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). First, the amount in controversy between the parties must exceed $75,000. *Id.* Second, the parties must be citizens of different states. *Id.* In this case, the Complaint [1] does not allege facts that demonstrate diversity of citizenship between the parties. The Fourth Circuit has held that "[w]hen a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richard, Fredericksburg Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Because Plaintiffs have not pled sufficient facts to support diversity of citizenship, section 1332 cannot serve as the basis for federal jurisdiction.

To establish citizenship for diversity purposes, a natural person must be *both* (a) a citizen of the U.S., and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Coury v. Prot*, 85 F.3d 244, 249-250 (5th Cir. 1996). Here, Plaintiffs do not allege whether Mr. Reid or Defendant are citizens of the United States and do not allege what particular state that either defendant is, in fact, a domiciliary.

Domicile determines citizenship. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. Since the issue is one of federal jurisdiction, the question of where a person is domiciled is determined by federal law. *Holmes v. Sopuch*, 639 F.2d 431 (8th Cir. 1981); *Kantor v. Wellesley Galleries, Ltd.*, supra, 704 F.2d at 1090. As with other jurisdictional determinations, the court looks to the parties' domicile at the time the lawsuit was *filed*, not when the purported cause of action arose, or later when the case come to trial. *Leblanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (diversity jurisdiction not defeated where one party, subsequent to

6

filing of a complaint, becomes a citizen of the same state as his or her opponent); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A natural person's domicile is the place he or she resides *with the intent to remain* or to which he or she intends to return. A natural person residing in a given state is not necessarily domiciled there and thus is not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Acridge v. Evangelical Lutheran*, 334 F.3d 444, 448 (5th Cir. 2003).

"Domicile" may arise by choice or by operation of law. Domicile by operation of law refers to the domicile of children, incompetents, etc. They are usually deemed to be domiciled with their parents or guardians. *Safeco Ins. Co. of America v. Mirczak*, 662 F. Supp. 1155, 1157 (D. Nev. 1987); Restat.2d Conflict of Laws, §§ 22 & 23. Clearly, this is not applicable in this case. Next, in domicile by choice, a person legally capable of selecting his or her own domicile does so by establishing (i) some physical presence in a new location (ii) with *intent to remain indefinitely*. This does not mean forever, but it means more than temporarily. *Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973); Restat.2d Conflict of Laws, § 16. Plaintiffs allege no facts about domiciles. Assuming arguendo, that Mr. Reid intends to indefinitely remain in Georgia, where he alleges that he resides, then Mr. Reid would be a citizen of Georgia. It follows that LRL would also be a citizen of Georgia as per its sole member. Citizenship of an LLC depends on the citizenship of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.ed.2d 157 (1990); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120-21 (4th Cir. 2004). Defendant first moved to Georgia in December 2015 and intends to remain in Georgia indefinitely. Affidavit of LaVontraye Andrews. Thus, Defendant is a citizen of the State of Georgia, like Plaintiffs Mr. Reid and LRL. Consequently, there is no diversity of citizenship between the parties in this civil action.

Case 1:22-cv-00880-WO-JEP   Document 9   Filed 11/10/22   Page 7 of 26

The issue in most cases is whether, upon moving to a new location, the person intends to remain there *indefinitely*. *Coury v. Prot*, 85 F.3d 244, 249-50 (5th Cir. 1996). The fact that the person has a vague feeling that some day he or she may return to a former domicile does not prevent a change of domicile. It is sufficient that the person's intent to remain in the new location extends into the *indefinite* future. *Gilbert v. David*, 235 U.S. 561, 569 (1915); *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998). Here, Defendant became a Georgia citizen as of December 2015 until indefinitely.

Therefore, this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction as there is no diversity jurisdiction and there any other basis of subject matter jurisdiction herein.

As Defendant's motion asserts other grounds for dismissal in addition to the absence of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court should rule on the 12(b)(1) motion first, since dismissal for lack of subject matter jurisdiction may make it unnecessary to rule on other defenses that require an examination of the merits. *Petty v. Crosswhite*, 1:12CV162, at *3 (M.D.N.C. Feb. 28, 2013) ("Because the existence of subject matter jurisdiction is a threshold issue, this court must address Defendant's 12(b)(1) motion to dismiss before addressing other grounds for dismissal or the merits of the case.").

### b. This Court does not have personal jurisdiction over Defendant.

Dismissal is an appropriate remedy if a federal court has no jurisdiction over the defendant. *Zenith Corp. v. Hazeltine*, 395 U.S. 100 (1969). When the Court's personal jurisdiction is challenged under Rule 12(b)(2), the plaintiff has the burden to prove the existence of jurisdiction by a preponderance of the evidence. *Combs v. Bakker*, 886 F.2d 673, 676 94th Cir. 1989). In determining a motion to dismiss for lack of personal jurisdiction, the Court may either determine the motion on the basis of the pleadings and affidavits, postpone the

decision and allow discovery, or hold an evidentiary hearing. *See Rich v. KIS California, Inc.*, 664 F.2d 899, 904 (2nd Cir. 1981); *See also Combs*, 886 F.2d at 676. When the Court addresses the issue of personal jurisdiction on the basis of only the motion papers, legal memoranda, and the relevant allegations of a complaint, the plaintiff must **only** prove a prima facie case of personal jurisdiction. *See Combs*, 886 F.2d at 676; *see also Dowless v. Warren-Rupp Houdailles, Inc.*, 800 F.2d 1305, 1307 (4th Cir. 1986); *See also Rich*, 121 F.R.D. at 259. In determining whether the plaintiff has established a prima facie case of personal jurisdiction, the Court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction. *See Combs*, 886 F.2d at 676; *see also Wolf v. Richmond County Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984), *cert. denied*, 474 U.S. 826, 106 S.Ct. 83, 88 L.Ed.2d 68 (1985).

The question of personal jurisdiction is answered through a two-step analysis. The court must determine whether the state's statutory authority confers jurisdiction, and if so, whether an exercise of jurisdiction complies with the federal constitutional standards of due process. *See Dowless*, 800 F.2d at 1306; *see also Vishay Intertechnology, Inc. v. Delta Int'l Corp*, 696 F.2d 1062, 1064 (4th Cir. 1982).

In addressing the first step, the statutory authority for personal jurisdiction in North Carolina is contained in the long-arm statute, North Carolina General Statutes § 1-75.4. A clear mandate exists that the North Carolina long-arm statute be given a liberal construction, making available to the North Carolina courts "the full jurisdictional powers permissible under federal due process." *See Vishay*, 696 F.2d at 1065 (*quoting Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E.2d 629, 630 (1977)).

Case 1:22-cv-00880-WO-JEP   Document 9   Filed 11/10/22   Page 9 of 26

The long-arm statute provides that the courts of North Carolina have jurisdiction "in any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party: a. Is a natural person present within this State; or b. Is a natural person domiciled within this State; or c. Is a domestic corporation; or d. Is engaged in substantial activity within this State, whether such activity is whole interstate, intrastate, or otherwise." N.C. Gen. Stat. § 1-75.4(1).

In this case, Plaintiff have not established a prima facie case that any section of the long-arm statute confers jurisdiction over Defendant. The court should note that Defendant has not been served process in this action. *See* Affidavit of LaVontraye Andrews. Further, Defendant is not present within North Carolina, is not domiciled in North Carolina, and is not engaged in substantial activity within North Carolina to confer any long-arm jurisdiction over him. *Id.* Thus, Plaintiffs have not satisfied that the North Carolina long-arm statute authorizes personal jurisdiction over Defendant. The jurisdiction inquiry ends.

However, if the Court deems that Plaintiffs have satisfied that the state statutory authority confers jurisdiction, then the inquiry moves on to determine whether an exercise of personal jurisdiction complies with the federal constitutional standards of due process. *See Dowless*, 8000 F.2d at 1306; *see also Vishay*, 696 F.2d a 1064. The due process inquiry focuses on two (2) parts. First, a non-resident defendant must have minimum contacts with the forum. The touchstone of the minimum contacts analysis is that a non-resident must engage in some activity purposefully directed toward the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *Hanson v. Denckla*, 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958); *International Shoe Co. v. Washington*, 326

10

U.S. 310, 326, 66 S.Ct. 154, 163, 90 L.Ed. 95 91945). Second, the assertion of personal jurisdiction must comport with traditional notions of fair play and substatantial justice. *See Burger King*, 471 U.S. at 476, 105 S.Ct. at 2184; *Woodson*, 444 U.S. at 292, 100 S.Ct. at 564; *Hanson*, 357 U.S. at 251, 78 S.Ct. at 1238; *International Show*, 326 U.S. at 326, 66 S.Ct. at 163.

In *Lesniek v. Hollingsworth Vose Co.*, 35 F.3d 939 (4th Cir. 1994), the Fourth Circuit articulated the test to be applied in considering whether a state has personal jurisdiction over a non-resident defendant. In *Lesnick*, the Fourth Circuit articulated a two-part test which would focus on whether (1) the defendant has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state; and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice, taking into account such factors as (a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies. *Lesnick*, 35 F.3d at 945-46. The Fourth Circuit specifically emphasized that Supreme Court cases discussing personal jurisdiction support a narrow view of minimum contacts, "requiring purposeful activity on the part of the defendant to establish a meaningful contact with the forum state." *Id.* at 944. Plaintiffs' Complaint [1] is wholly devoid of any facts supporting any contention that exercise of personal jurisdiction over Defendant would comply with the federal constitutional standards of due process. Thus, Plaintiffs have failed to satisfy the first and second prongs of the *Lesnick* test for personal jurisdiction. Consequently, this Court does not have personal jurisdiction over Defendant and, thus, this civil action should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

11

**c. This judicial district is the improper venue for Plaintiffs' case.**

"When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in this judicial district in which the plaintiff has brought the action." *Plant Genetic Sys. v. Ciba Seeds*, 933 F.Supp. 519, 526 (M.D.N.C. 1996) (*citing Bartholomew v. Va. Chiropractors Assn'*, 612 F.2d 812, 817 (4th Cir. 1979)). In considering a motion to dismiss under Rule 12(b)(3) for improper venue, "the court is permitted to consider evidence outside the pleadings. A plaintiff is obliged, however, to make only a prima facie showing of proper venue in order to survive a motion to dismiss. In assessing whether there has been a prima facie venue showing, we view facts in the light most favorable to the plaintiff." *Aggaro v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365-66 (4th Cir. 2012) (*citing Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004); *Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 224 F.2d Cir. 2011)).

The Court will recognize that Defendant also moved to dismiss, in part, under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. *See supra.* Although "there is no mandatory sequencing of jurisdictional issues," *Sinochem Int'l Co. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, 127 S.Ct. 1184, 167 L.Ed.2d 15 920007) (internal quotation marks omitted), when faced with motions to dismiss on both lack of personal jurisdiction and improper venue, courts typically address personal jurisdiction first. *BSN Med., Inc. v. Am. Med. Prods., LLC*, 3:11cv092-GCM-DSC, 2012 WL 171269, at *2 (W.D.N.C. Jan. 20, 2012). However, "the Supreme Court has held that 'when there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue.'" *Id.* (*quoting Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979)); *see also Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 n.3 (4th

Cir. 2006) ("[A] district court has the discretion to dismiss on the basis of improper venue before reaching the issue of personal jurisdiction.").

Under 28 U.S.C. § 1391(b), venue is proper "in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial party of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Defendant **is** not a resident of this judicial district. Affidavit of LaVontraye Andrews. Plaintiffs solely base venue in this judicial district upon 28 U.S.C. § 1391(b)(1), which is depended on Defendant's residence. [1] at p. 2, ¶ 9. Plaintiffs' basis of jurisdiction fails on its face as Defendant has tendered evidence that it does not reside in this district. *See* Affidavit of LaVontraye Andrews. Therefore, venue is improper under 28 U.S.C. § 1391(b)(1). Plaintiffs allege no other basis of jurisdiction herein. Therefore, venue **is** improper in this judicial district and this action should be dismissed pursuant to the provisions of Fed. R. Civ. P. 12(b)(3).

**d. Service of process has not been made upon Defendant under Rule 4.**

A motion to dismiss for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5) is proper when service of process was not made in accordance with Fed. R. Civ. P. 4. A remedy is termination of the action by dismissal. "A motion under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process. The plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with *Rule 4*." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 576 (M.D.N.C. 1996) (Osteen, Sr., J.) (emphasis in original and internal

13

citations omitted))) (*cited in Elkins v. J.A. Broome*, **213** F.R.D. 273, 275 (M.D.N.C. 2003) (Bullock, J.)). Where a plaintiff does not effectuate "valid service of process, the district court [is] without jurisdiction of the defendant . . . ." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). In this context, "[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Adams v. Bain*, 697 F.2d 1213, **1219** (4th Cir. 1982), *cited with approval in Soto v. Meadow Mills*, No. 3:09CV292-HEH, 2009 U.S. Dist. LEXIS 55227, at *5 (E.D. Va. Jun. 29, 2009) (unpublished) (granting motion to dismiss pursuant to Rule 12(b)(2)). *See also Lackey v. County of Macon*, No. 2:09CV42, 2009 U.S. Dist. LEXIS 68990, at *3 (W.D.N.C. Aug. 7, 2009) (unpublished) (stating that, with respect to a Rule 12(b)(5) motion, "affidavits and other materials outside the pleadings may be properly submitted and considered").

In this case, purported service of process was improper because it did not comply with Fed. R. Civ. P. 4(e) or N.C. Gen. Stat. § 1A-4(j)(1). The Federal Rules of Civil Procedure directly address the service of process upon an individual, such as Defendant. *See* Fed. R. Civ. P. 4(e) ("SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES."). Under this provision, "[u]nless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served in a judicial district of the United States by: (1) following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and

14

discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

North Carolina state law, in turn, permits a party to serve a summons "[i]n any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided by G.S. 1-75.4, the manner of service of process within or without the State shall be as follows: (1) Natural Person. – Except as provided in subdivision (2) below, upon a natural person by one of the following: a. By delivering a copy of the summons and of the complaint to the natural person or by leaving the copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute. c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee. d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this subdivision, "delivery receipt" includes an electronic or facsimile receipt. e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-4(j)(1). In this case, Plaintiffs failed to serve Defendant. Plaintiffs delivered process to Sharon Bennisan at 1700 Rose Hill Court, Kernersville, NC 27284. Sharon Bennisan is not an agent authorized by appointment or by law to accept service of process on behalf of Defendant. Affidavit of LaVontraye Andrews. Also, 1700 Rose Hill Court, Kernersville, NC

15

27284, is not Defendant's dwelling house or usual place of abode. *Id.* Thus, service of process is insufficient on Defendant under federal and state rules. Therefore, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

### e. Plaintiffs' Complaint fails to state a claim under Rule 12(b)(6).

Plaintiffs' Complaint [1] fails to state a claim upon which relief can be granted. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro,* 173 F.3d 231, 243 94th Cir. 1999). A complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.; see also Simmons v. United Mortgage & Loan Investment, LLC,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its fact.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of . . . factual enhancement!,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (*quoting Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

16

A motion to dismiss pursuant to Rule 12(b)(6)) must be read in conjunction with Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions, as in Plaintiff's Complaint [1]. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted).

In the present case, Plaintiffs' Complaint [1] fails to state a claim against Defendant. As stated above, to **survive** a motion to dismiss, a plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. Notwithstanding the foregoing, Plaintiffs purport to assert four (4) causes of action against Defendant, which they categorize as: (1) Defamation and Slander *per se*, (2) Intentional Infliction of Emotional Distress, (3) Unfair and Deceptive Trade Practices, N.C. Gen. Stat. § 1-75.1 *et seq.*, and (4) Punitive Damages – N.C. Gen. Stat. § 1D-1 *et seq.* They all FAIL.

**1. Plaintiffs fail to state a claim for Defamation and Slander *per se*.**

This Court should analyze Defendant's motion based on North Carolina law. "[I]n an action based upon diversity of citizenship, as here, the district must 'apply the substantive law of the state in which it sits, including the state's choice of law rules.'" *Mendenhall v. Hanesbrands, Inc.*, 856 F.Supp.2d 717, 723 (M.D.N.C. 2012) (*citing Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 599-600 (4th Cir. 2004)). North Carolina courts have "consistently adhered to the lex loci rule in tort actions." *Boudreau v. Baughman*, 322 N.C.

17

331, 335, 368 S.E.2d 849, 854 (1988). Applying the lex loci rule, the Court must look at the law of the place where the wrong occurred for the applicable substantive law. *Clayton v. Burnett*, 135 N.C. App. 746, 748, 522 S.E.2d 785, 786 (1999); *Boudreau*, 322 N.C. at 335, 368 S.E.2d at 854.

In regard to defamation claims, "the place of the harm has traditionally been considered to be the place where the defamatory statement was published, i.e., seen or heard by non-parties." *Wells v. Liddy*, 186 F.3d 505, 521-22 (4th Cir. 1999); *see also Verona v. U.S. Bancorp*, No. 7:09-CV-057-BR, 2011 WL 1252935, at *10 n.6 (E.D.N.C. Mar. 29, 2011) ("Although the court could not locate a North Carolina case directly on point, the general rule for defamation claims in the place of harm is the place of publication."). However, "[n]either the North Carolina Supreme Court nor the Court of Appeals has had the opportunity to apply lex loci to multi-state publication of an allegedly defamatory statement." *Nobles v. Boyd*, No. 7:14-CV-214-FL, 2015 WL 2165962, at *4 (E.D.N.C. May 8, 2015), *appeal dismissed* (July 31, 2015). Thus, sitting in diversity, this Court must rule on this issue. *Wells*, 186 F.3d at 527-28. The Fourth Circuit Court of Appeals has further noted:

> In predicting a decision of the state's highest court we can further consider, among other things, canons of construction, restatements of the law and treatises that are regularly applied by the courts of the state and whose use for a particular purpose is approved by the state's highest court . . . recent pronouncement of general rules or policies by the state's highest court . . . or even that court's well considered dicta[.]

*Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 957 F.2d 1153, 1156 (4th Cir. 1992) (internal citations omitted). North Carolina courts maintain "strong adherence to the traditional application of the *lex loci deliciti* doctrine when choice of law issues arise[.]" *Mosqueda v. Mosqueda*, 218 N.C. App. 142, 150, 721 S.E.2d 755, 761 (2012) (internal quotations and citations omitted). Considering such, at least one sister court has found the place of residency to be the place of harm where multi-state publication of defamatory statements has

Case 1:22-cv-00880-WO-JEP   Document 9   Filed 11/10/22   Page 18 of 26

occurred. *See Nobles*, 2015 WL 2165962, at *5 (concluding that the state of California was the place where the defamation was communicated and where plaintiff's reputation was injured as a result of his residency and his professional connections in the state); *Ascend Health Corp. v. Wells*, No. 4:12-CV-00083-BR, 2013 WL 1010589, at *2 (E.D.N.C. Mar 14, 2013) ("The court predicts that in a case of multistate defamation, while still adhering to the lex loci delicti rule, the North Carolina Supreme Court would apply Texas law because the alleged injury to plaintiffs . . . is centered in Texas, as that state is where [the plaintiffs] are located . . . . .").

Consistent with this Court's sister jurisdiction, this Court should conclude that Georgia law should apply to Plaintiffs' purported "Defamation and Slander *per se*" claim. Plaintiffs are presumably citizens and residents of Georgia, thus any form of reputational injury would most likely be centered in Georgia. In Georgia, the elements of a defamation claim are: 1. a false statement about the plaintiff; 2. communication of the statement to a third party in the absence of a special privilege to do so; 3. fault of the defendant amounting to at least to negligence; and 4. harm to the plaintiff, unless the statements amounts to per se defamation. *See Smith v. Stewart*, 6600 S.E.2d 822, 828 (Ga. Ct. App. 2008).

Georgia recognizes that certain statements constitute defamation per se. These statements are so egregious that they will always be considered defamatory and are assumed to harm the plaintiff's reputation, without further need to prove the harm. Under Georgia statutes, a statement is defamatory per se it if:

- Charges another person with a crime punishable by law;
- Charges another person "with having some contagious disorder or with being guilty of some debasing act which may exclude him from society;" or

- Refers to the trade, office, or profession of another person, and is calculated to injure him.

*See* O.G.G.A. § 51-5-4.

Georgia court have interpreted defamation per se to include statements "that one is guilty of a crime, dishonesty or immorality," *Eidson v. Berry*, 415 S.E.2d 16, 17 (Ga. Ct. App. 1992), or that accuse one "of having sexual relations with any person other than his wife," *Baskin v. Rogers*, 493 S.E.2d 728, 730 (Ga. Ct. App. 1997). The courts have narrowed the criteria for defamation of a business person by adopting the "single instance test." A plaintiff has no grounds for a complaint if the alleged defamatory statement refers to a single instance of mistake or ignorance on the part of a business or professional person. *See Crown Andersen, Inc. v. Georgia Gulf Corp.*, 554 S.E.2d 518, 521 Ga. Ct. App. 2001).

Georgia follows *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), in defining public figures. The Georgia Court of Appeals refined its test for limited-purpose public figures in the well-known case of Richard Jewell, the security guard during the 1996 Olympics in Atlanta who was first hailed a hero for discovering a knapsack bomb in Centennial Olympic Park, but later was investigated by the FBI as a possible suspect in placing the bomb. In the court's view, by granting a series of media interviews in which he attempted to influence public perception of security at the park, Jewell became a voluntary limited-purpose public figure for purposes of his libel suit against an Atlanta newspaper. *See Atlanta Journal-Constitution v. Jewell*, 555 S.E.2d 175, 185 (Ga. Ct. App. 2001).

The Georgia Court of Appeals adopted a three-part test for determining who is a limited-purpose public figure: "the court must [1] isolate the public controversy, [2] examine the plaintiff's involvement in the controversy, and [3] determine whether the alleged defamation was germane to the plaintiff's

20

participation in the controversy." *Atlanta Journal-Constitution v. Jewell*, 555 S.E.2d at 183.

In Georgia, a private figure plaintiff bringing a defamation lawsuit must prove that the defendant was at least negligent with respect to the truth or falsity of the allegedly defamatory statements. Public officials, all-purpose public figures, and limited purpose public figures must prove that the defendant acted with actual malice, i.e., knowing that the statements were false or recklessly disregarding their falsity.

Georgia courts recognize a number of privileges and defenses in the context of defamation actions, including substantial truth, the fair report privilege, and he opinion and fair comment privileges. There is also an important provision under section 230 of the Communications Decency Act that may protect a defendant if a third party – not the defendant or someone acting under the defendant's direction – posts something online that is defamatory.

Plaintiffs' Complaint [1] sounds in dislike and not in defamation per se. Plaintiffs point to eight (8) alleged statements in support of their claims:

    a. "Larry Reid molested me[.]" [1] at p. 8, ¶ 48(a).

    b. "[O]pen investigation . . . is for sure still open[.]" [1] at p. 8, ¶ 48(b)

    c. "[I]s proven[.]" [1] at p. 8, ¶ 48(c).

    d. "The reality is he did something inappropriate with a teenager, a child." [1] at p. 8, ¶ 48(d).

    e. "In a nutshell, he molested me." [1] at p. 8, ¶ 48(e).

    f. "[S]piritual basis." [1] at p. 8, ¶ 48(f).

    g. "He lived with Reid at several different locations and that [the Oulstree Street Home address] was the only address he could remember." [1] at p. 8, ¶ 50(a).

    h. "Getting to the age thing, one of the other guys that I talked to

. . . a couple years ago, I did an interview with a guy and me talking quick, I said 14 . . . I was 15 when it happened." [1] at p. 8, ¶ 50(b).

None of Plaintiffs' alleged statements amount of defamation of any form. Plaintiffs fail to analyze the statements with any of the elements of defamation, including, but not limited to defamation and slander per se. Mr. Reid has in the public admitted to homosexual conduct, i.e., same sex conduct. As a matter of fact, in one public interview on Zoe Ministries, Mr. Reid, in response to a discussion about molestation he coined the act as "exploration." Notwithstanding the foregoing, Blacks Law Dictionary (11th Edition) defines "molestation" as "1. The persecution or harassment of someone[; and] 2. The act of making unwanted and indecent advances to or on someone, esp. for sexual gratification." No one by definition are any of the alleged statements quoted by Mr. Reid in his complaint criminal in nature or otherwise defamatory. Furthermore, as a limited public figure, alleges absolutely no facts to demonstrate that the statements were also made with negligence or actual malice. Considering the foregoing, Plaintiffs' alleged claims for defamation and slander per se must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## 2. Plaintiffs fail to state a claim for Intentional Infliction of Emotional Distress.

The elements of a claim for intentional infliction of emotional distress are: (1) extreme and outrageous conduct (2) which is intended to and does cause (3) severe emotional distress in another. *Stamper v. Charlotte-Mecklenburg Bd. of Educ.*, 143 N.C. App. 172, 174, 544 S.E.2d 818, 820 (2001). For reasons stated earlier, Defendant posits that Georgia law should apply for this claim also. Notwithstanding the foregoing, this is a common law tort elements are akin. Here, Plaintiffs' purported intentional infliction of emotional distress claim

must be dismissed because the conduct alleged in Plaintiffs' Complaint [1] does not constitute extreme and outrageous conduct as a matter of law.

Conduct is extreme and outrageous only when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 493, 340 S.E.2d 116, 123 (1986) (*quoting* Restatement (Second) of Torts, § 46 cmt. (d) (1965)). Whether conduct meets this standard is a question of law. *Lenins v. K-Mart Corp.*, 98 N.C. App. 590, 599, 391 S.E.2d 843, 848 (1990).

Defendant speaking true statements about his sexual contact with Mr. Reid may be embarrassing and uncomfortable to Mr. Reid, but it cannot be said that the conduct crosses the high bar set by the courts, going "beyond all possible bounds of decency" and "regarded as atrocious, and utterly intolerable in a civilized community." Plaintiffs' fail to state a claim for intentional infliction of emotional distress. Therefore, Defendant's Motion to Dismiss Plaintiffs' purported intentional infliction of emotional distress should be granted pursuant to the provisions of Fed. R. Civ. P. 12(b)(6).

### 3. Plaintiffs fail to state a claim for Unfair and Deceptive Trade Practices, N.C. Gen. Stat. § 1-75.1 *et seq*.

Plaintiffs allege violations of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 1-75.1 *et seq.*, against Defendant. "To prevail on [a UDTPA] claim, a plaintiff must prove (1) that defendant committed unfair or deceptive acts, (2) that defendant's action was in or affecting commerce, and (3) that the act proximately caused injury to the plaintiff." *Eli Research, Inc. v. United Commc'ns Grp., LLC*, 312 F.Supp.2d 748, 757 (M.D.N.C. 2004) (*citing Dalton v. Camp*, 548 S.E.2d 704, 711 (N.C. 2001)). As the North Carolina Court of Appeals has recognized,

> [u]nder N.C.G.A. § 75-1.1, a trade practice is unfair if it "is immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers," A trade practice is deceptive if it "has the capacity or tendency to deceive."

*Branch Banking Trust Co. v. Thompson*, 418 S.E.2d 694, 700 (N.C. Ct. App.) (citations omitted), *review denied*, 421 S.E.2d 350 (N.C. 1992). Plaintiffs pled this claim pursuant to North Carolina law. *See* Complaint [1] at p. 11 – 12. Plaintiffs' purported UDTPA claim must fail because Georgia law applies to any such claim, for the reasons set forth above, and Georgia's unfair trade practices act applies only to "consumer transactions and consumer acts or practices." O.C.G.A. § 10-1-393. Thus, Georgia law does not support their claim. The Court should note that even if North Carolina law applied, dismissal of Plaintiffs' Complaint [1] under Rule 12(b)(6) should be granted because Plaintiffs fails to plead facts in their Complaint to establish an UDTPA claim. Note, the Court must ignore Plaintiffs' conclusory allegation in their pleading. Thus, Plaintiffs fail to state a UDTPA claim for which relief can be granted. Accordingly, Plaintiffs' Complaint [1] should be dismissed under Rule 12(b)(6).

### 4. Plaintiffs fails to state a claim for Punitive Damages – N.C. Gen. Stat. § 1D-1 *et seq*.

Plaintiffs fails to state a claim for punitive damages under NC law. Accordingly, under Fed. R. Civ. P. 12(b)(6). Said claim must be dismissed also.

### f. Plaintiffs failed to join a required party under Rule 19.

Plaintiffs failed to demonstrate that Defendant published anything. Actually, Plaintiffs appear to concede in their pleadings that a third party published the alleged defamatory statements causing damages to Plaintiffs. Therefore, Plaintiffs cannot be afforded full relief without joining the person(s) who actually allegedly damaged Plaintiffs reputation and injured him. However, Plaintiffs failed to join said third party or parties. Accordingly, Plaintiffs' complaint should be dismissed for failure joins required parties.

24

## VI.    Conclusion.

Based on the Complaint [1], there is no basis for federal jurisdiction. Further, the evidence before the Court shows no diversity of citizenship. Alternatively, if there is subject matter jurisdiction, this Court does not have personal jurisdiction over Defendant, venue is improper in this judicial district, service of process was insufficient, Plaintiffs' Complaint [1] has failed to state grounds upon which relief can be granted, and Plaintiffs failed to join one or more parties under Rule 19. Therefore, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) must be GRANTED. If the Motion to Dismiss pursuant to Rule 12(b)(1) is Granted, then the Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5), 12(b)(6), and 12(b)(7) would be MOOT. Otherwise, this Court may dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(5), 12(b)(6), and/or 12(b)(7) as most appropriate.

Respectfully submitted,

Dated:       November 8, 2022

*Lavontraye Andrews*

LaVontraye Andrews
2221 Peachtree Rd. #X10
Atlanta, GA 30309
(470) 894-4634
lavontraye@gmail.com
Plaintiff (*pro se*)

25

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM-DIVISION

| | |
|---|---|
| LARRY D. REID and LARRY REID LIVE, LLC,<br><br>                         Plaintiffs,<br><br>v.<br><br>LAVONTRAYE ANDREWS,<br><br>                         Defendant. | Civil Action<br><br>No. 1:22-cv-00880-WO-JEP<br><br>**CERTIFICATE OF SERVICE** |

I certify that a copy of the foregoing was served upon the following via

United States Postal Service mail with sufficient postage attached thereto:

| | |
|---|---|
| Clerk of Court<br>US District Court<br>Hiram H. Ward Federal Building & U.S. Courthouse<br>251 N. Main Street<br>Winston-Salem, NC 27101 | Ryan M. Arnold, Esq.<br>TAYLOR ENGLISH DUMA LLP<br>13925 Ballantyne Corporate Place, Suite 200<br>Charlotte, NC 28277 |

Respectfully submitted,

Dated:      November 8, 2022

*Lavontraye Andrews*

LaVontraye Andrews
2221 Peachtree Rd. #X10
Atlanta, GA 30309
(470) 894-4634
lavontraye@gmail.com
Plaintiff (*pro se*)

26